19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LY-LUCK RESTAURANT; Omni Consortium Inc., Plaintiffs-Appellants,
v.
DEPARTMENT OF LABOR, EMPLOYMENT AND TRAINING ADMINISTRATION;
and United States of America, Defendants-Appellees.
 No. 93-15953.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1994.*
Decided Feb. 28, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. OVERVIEW
 
 2
 Ly-Luck Restaurant and Omni Consortium, Inc. ("Ly-Luck" and "Omni") sought to require the United States Department of Labor ("DOL") to implement the Labor Market Information Pilot Program for Employment-Based Immigrants, 8 U.S.C. Sec. 1182 ("Pilot Program"). The district court dismissed plaintiffs' action for lack of standing. We affirm.
 
 II. DISCUSSION
 
 3
 Standing is a question of law reviewed de novo. Ellis v. City of LaMesa, 990 F.2d 1518, 1523 (9th Cir.1993). In order to have standing "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984). Plaintiff has the burden of establishing these elements. Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992).
 
 1. Injury in Fact
 
 4
 The Supreme Court "has repeatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." Allen v. Wright, 468 U.S. 737, 754 (1984). Ly-Luck and Omni must demonstrate that they have a particularized legally protected interest in the creation and implementation of the Pilot Program before they can claim that they have been injured. Ly-Luck and Omni have failed to demonstrate that they have an interest in DOL's creation and implementation of the Pilot Program which amounts to more than "the public interest in government observance of ... the laws". Defenders of Wildlife, 112 S.Ct. at 2145. According to Defenders of Wildlife, Ly-Luck and Omni's vague interest is only redressable through the political branches. Id. They have not alleged a justiciable legal injury.
 
 2. Redress
 
 5
 Ly-Luck and Omni request that the court order the government to implement the Pilot Program. Their requested relief is unlikely to redress their concern. Ly-Luck and Omni argue that any concerns about the speculative nature of their requested relief are answered by DOL's published proposed regulations for the Pilot Program which included job classifications sought for by the plaintiffs. 58 Federal Register 15242-15250 (March 19, 1993). The district court noted, however, that "it is entirely speculative whether such classifications will be part of the final rule."
 
 
 6
 The public comment period for these proposed regulations brought enough public criticism to have the preliminary regulation withdrawn altogether, and to have the Secretary of Labor propose to Congress changes to the organic statute. Even if Ly-Luck and Omni were granted an order for immediate implementation, we can only speculate that the final rules for the Pilot Program would provide job classifications which would redress what Ly-Luck and Omni call injury. Moreover, the cost-savings to those ultimately able to participate in the program (as compared to the current process) are similarly speculative.
 
 III. CONCLUSION
 
 7
 Ly-Luck and Omni have failed to allege injury to a legally protected interest, and they have failed to establish that their requested relief would redress what they call injury. We AFFIRM the district court's grant of the defendants' motion to dismiss.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3